(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 09-176

.Sobeida. Feliz,. Administratrix. of. the. Estate. of........................, Plaintiff(s)
Santa Encarnacion

v.

Tori Robinson, MD, Lawrence Hulefeld, MD and
Brian MacNeill, MD
..............................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Tori Robinson, M.D.

You are hereby summoned and required to serve upon   Andrew C. Meyer, Jr., Lubin & Meyer, P.C.

plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA 02108    , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem                         either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE   , Esquire, at Salem, the  28

day of    April        , in the year of our Lord two thousand  nine .

**TRUE ATTEST COPY**

(LS)  *[signature]*
DEPUTY SHERIFF
*4-30-09*

*[signature]* Thomas H. Driscoll Jr.
*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 2009-176

SOBEIDA FELIZ, ADMINISTRATRIX
OF THE ESTATE OF SANTA ENCARNACION,
Plaintiff,

V.

TORI ROBINSON, M.D.,
LAWRENCE HULEFELD, M.D., AND
BRIAIN MACNEILL, M.D.,
Defendants.

## *COMPLAINT*

## Count I.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2. The defendant, Tori Robinson, M.D., was at all times relevant to this complaint a physician licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Tori Robinson, M.D., represented and held herself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 10/19/06-1/12/07.

5. On or about 10/19/06-1/12/07, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Tori Robinson, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6. The death of Santa Encarnacion and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Tori Robinson, M.D., including, but not limited to the following:

Defendant's misrepresentations to the plaintiff's decedent that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 10/19/06-1/12/07;

Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 10/19/06-1/12/07, and her failure to prescribe proper and timely treatment for said condition;

Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing her specialty; and

Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count II.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Tori Robinson, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count III.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2

2.  The defendant, Tori Robinson, M.D., was at all times relevant to this complaint a physician licensed to practice her profession in the Commonwealth of Massachusetts.

3.  This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4.  At all times relevant to this complaint, the defendant, Tori Robinson, M.D., represented and held herself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 10/19/06-1/12/07.

5.  On or about 10/19/06-1/12/07, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Tori Robinson, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6.  The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tori Robinson, M.D., or by the gross negligence of the defendant on or about 10/19/06-1/12/07.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count IV.

1.  The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3.  As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Tori Robinson, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count V.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 10/19/06-1/12/07, the defendant, Tori Robinson, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Tori Robinson, M.D., expressly and impliedly warranted to the plaintiff's decedent that she would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty.

4. On or about 10/19/06-1/12/07, the defendant, Tori Robinson, M.D., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty, which breach resulted in the death of Santa Encarnacion.

5. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Tori Robinson, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VI.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Tori Robinson, M.D., the plaintiff's decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count VII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 10/19/06-1/12/07, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 10/19/06-1/12/07, the defendant, Tori Robinson, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 10/19/06-1/12/07, the defendant, Tori Robinson, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Tori Robinson, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Tori Robinson, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VIII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the defendant, Tori Robinson, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences

of the defendant's treatment, the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Tori Robinson, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count IX.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2. The defendant, Lawrence Hulefeld, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lawrence Hulefeld, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 11/26/06.

5. On or about 11/26/06, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lawrence Hulefeld, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6. The death of Santa Encarnacion and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Lawrence Hulefeld, M.D., including, but not limited to the following:

> Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 11/26/06;

> Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 11/26/06, and his failure to prescribe proper and timely treatment for said condition;

> Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count X.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Lawrence Hulefeld, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XI.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2. The defendant, Lawrence Hulefeld, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lawrence Hulefeld, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 11/26/06.

7

5. On or about 11/26/06, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lawrence Hulefeld, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lawrence Hulefeld, M.D., or by the gross negligence of the defendant on or about 11/26/06.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lawrence Hulefeld, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XIII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 11/26/06, the defendant, Lawrence Hulefeld, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Lawrence Hulefeld, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would

possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 11/26/06, the defendant, Lawrence Hulefeld, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Santa Encarnacion.

5. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lawrence Hulefeld, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XIV.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count XIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Lawrence Hulefeld, M.D., the plaintiff's decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XV.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 11/26/06, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 11/26/06, the defendant, Lawrence Hulefeld, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 11/26/06, the defendant, Lawrence Hulefeld, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Lawrence Hulefeld, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lawrence Hulefeld, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVI.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XV above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the defendant, Lawrence Hulefeld, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Lawrence Hulefeld, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XVII.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2. The defendant, Briain MacNeill, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Briain MacNeill, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 1/12/07.

5. On or about 1/12/07, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Briain MacNeill, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6. The death of Santa Encarnacion and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Briain MacNeill, M.D., including, but not limited to the following:

   Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 1/12/07;

   Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 1/12/07, and his failure to prescribe proper and timely treatment for said condition;

   Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

   Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVIII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Briain MacNeill, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XIX.

1. The plaintiff, Sobeida Feliz, is the duly appointed Administratrix of the Estate of Santa Encarnacion and is a resident of Lynn, Essex County, Massachusetts.

2. The defendant, Briain MacNeill, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Santa Encarnacion for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Briain MacNeill, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 1/12/07.

5. On or about 1/12/07, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Briain MacNeill, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 1/18/07.

6. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Briain MacNeill, M.D., or by the gross negligence of the defendant on or about 1/12/07.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XX.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XIX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Briain MacNeill, M.D., the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXI.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 1/12/07, the defendant, Briain MacNeill, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Briain MacNeill, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 1/12/07, the defendant, Briain MacNeill, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Santa Encarnacion.

5. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Briain MacNeill, M.D.'s breach of express and implied warranties.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Five of Count XXI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Briain MacNeill, M.D., the plaintiff's decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XXIII.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 1/12/07, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 1/12/07, the defendant, Briain MacNeill, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 1/12/07, the defendant, Briain MacNeill, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Briain MacNeill, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

14

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Santa Encarnacion and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Briain MacNeill, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXIV.

1. The plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Santa Encarnacion.

3. As the direct and proximate result of the defendant, Briain MacNeill, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Santa Encarnacion, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Sobeida Feliz, as duly appointed Administratrix of the Estate of Santa Encarnacion, prays judgment against the defendant, Briain MacNeill, M.D., in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By her attorney,

ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 344300

15